

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-19-00283-CR**

**VANESSA DENISE BATEMAN,**

                                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                                **Appellee**

**From the 82nd District Court**
**Falls County, Texas**
**Trial Court No. 10032-CR**

## MEMORANDUM  OPINION

Vanessa Denise Bateman was convicted of Assault Causing Bodily Injury, Family Violence.  She was placed on community supervision which was ultimately revoked.  She was sentenced to eight years in prison.  We affirm the trial court's judgment.

Bateman's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous.  *See Anders v. California*, 386 U.S. 738 (1967).  Counsel's brief evidences a professional evaluation of the record for error and compliance

with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); s*ee also Kelly v. State*, 436 S.W.3d 313, 319-320 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10 (1988). In our review, we have paid particular attention to the issues identified in appellant's pro se response to her counsel's brief in support of the motion to withdraw. After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous.[1] *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Counsel's motion to withdraw from representation of Bateman is granted.


TOM GRAY
Chief Justice

---

[1] We note that the trial court took judicial notice of the "entire court's file." However, the entire court's file is not in the appellate record. Nevertheless, the community supervision officer testified that Bateman was required to complete SAFP and did not because she was kicked out due to her behavior. The officer's testimony was not challenged. The trial court only needed a preponderance of the evidence to revoke Bateman's community supervision. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). Thus, the record we have is sufficient to support the trial court's decision to revoke Bateman's community supervision.

Before Chief Justice Gray,
Justice Davis, and
Justice Neill
Affirmed; motion granted
Opinion delivered and filed February 26, 2020
Do not publish
[CR25]

